UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE ROCKE,

*Plaintiff,*

- against –

PSA1 ACS; JUDGE ROBERT HETTLEMAN;
MARLBORO HOUSING; NADER SHEHATA;
CINDY VILLIAN; PSA1; ACS; & UNS WORK,

*Defendants.*

**MEMORANDUM & ORDER**
25-cv-00628 (NCM)(JRC)

**NATASHA C. MERLE,** United States District Judge:

*Pro se* plaintiff Pauline Rocke filed this civil rights complaint[1] against three entities, Police Service Area 1 ("PSA"), Administration for Children's Services ("ACS"), the Marlboro Houses, and the following individual defendants: Judge Robert Hettleman, Nader Shehata, and Cindy Villian. By Order dated April 30, 2025, the Court dismissed the complaint because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, failed to state a claim against the defendants, and was frivolous as to Judge Robert Hettleman. Dismissal Order, ECF No. 8. However, the plaintiff was afforded thirty days

---

[1] Plaintiff has filed fourteen actions in this Court in the past year. This case is her sixth, *Rocke VI. Rocke v. Hettleman et al*, 24-cv-05874 (NCM) ("*Rocke I*"); *Rocke v. Hettleman et al*, 24-cv-05961 (NCM) ("*Rocke II*"); *Rocke v. Turbow*, 24-cv-06041 (NCM) ("*Rocke III*"); *Rocke v. USA et al*, 25-cv-00040 (NCM) ("*Rocke IV*"); *Rocke v. Coney Island Hospital EMT et al*, 25-cv-00627 (NCM) ("*Rocke V*"); *Rocke v. PSA1 ACS et al*, 25-cv-00628 (NCM)("*Rocke VI*"); *Rocke v. Coney Island Hospital et al*, 25-cv-00983 (NCM) ("*Rocke VII*"); *Rocke v. Rodricus et al*, 25-cv-00986 (NCM) ("*Rocke VIII*"); *Rocke v. ACS et al*, 25-cv-02529 (NCM) ("*Rocke IX*"); *Rocke v. Hettleman et al*, 25-cv-02619 (NCM) ("*Rocke X*"); *Rocke v. Coney Island Hospital et al*, 25-cv-02622 (NCM) ("*Rocke XI*"); *Rocke v. Sacco et al*, 25-cv-2929 (NCM) ("*Rocke XII*"); *Rocke v. ACS et al*, 25-cv-04793 (NCM) ("*Rocke XIII*"); *Rocke v. USA et al*, 25-cv-04793 ("*Rocke XIV*")

to file an amended complaint. Dismissal Order 1, 6. Plaintiff filed an amended complaint on June 25, 2025, omitting the three individual defendants named in the complaint and adding "UNS Work" as a defendant. *See* Amended Complaint ("AC"), ECF No. 9. As set forth below, the amended complaint is **DISMISSED**.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

not suffice. *Id*. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss the amended complaint in its entirety because, even construed liberally, it fails to meet Rule 8's minimal pleading requirements. None of plaintiff's allegations are comprehensible. For example, in the section on the complaint asking for the "facts underlying your claim," she states:

> help Break the cycle Parenthood alienation me son father in the group chat rejection of a Parent Examples of alienating behaviors malicious Parent syndrome my Kids not safe caregivers ask Old Kids the Person who organized executed in group chat run the community I'm okay with the discipline but the punching in the face a 6 year little the second time They my visit my kids I say my family do not have my best Interest at heart or my kids my mommy in the group chat safe first not but kids my son amended judgement by Judge Be immune of all charge self court collapse nominal harm sabotage now lie to me case withhold info and be attack my family.

AC 6.[3]

---

[3]    The Court quotes all of plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Despite the Court's best efforts to decipher the submission, plaintiff fails to provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141.[4]

Like the thirteen other actions plaintiff has filed in this court, the amended complaint appears to seek relief from individuals and entities who were involved in the removal of her children from her custody, her arrest and hospitalization. But like each of her complaints in the other twelve actions, this amended complaint does not suggest a basis for relief or whether such relief is within this Court's power to consider. Thus, even liberally construing the amended complaint in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Plaintiff's amended complaint is therefore dismissed.

## CONCLUSION

For the reasons stated above, the action is dismissed because the amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

Further, the Court takes this opportunity to warn plaintiff that it will not tolerate frivolous litigation and that if she persists in filing frivolous or duplicative actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaint for filing without first obtaining leave of the Court to do so.  28 U.S.C. § 1651;

---

[4]    On July 9, 2025, the Court held a conference in this case with the plaintiff. Despite the Court's best efforts at that conference, the Court was unable to uncover any comprehensible factual allegations or viable claims for relief. *See* Minute Entry dated July 9, 2025.

*see e.g.*, *In re Martin-Trigona*, 9 F.3d at 227–29; *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_____/s/ Natasha C. Merle_____
NATASHA C. MERLE
United States District Judge

Dated:        September 4, 2025
              Brooklyn, New York